```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| **KESTER SANDY** | : | **CIVIL ACTION** |
| v. | : | |
| **LEHIGH CO. DISTRICT ATTORNEY, et al**. | : | **NO. 08-0319** |

**M E M O R A N D U M**

RUFE, J.                                                              APRIL   , 2008

Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights complaint against the Lehigh County District Attorney, the Attorney General of the Commonwealth of Pennsylvania, the Department of Justice, and the United States of America. Plaintiff alleges that by amending his criminal indictment to permit federal jurisdiction, the defendants "committed perjury, abuse of power, wrongful prosecution, absence of just cause, malicious prosecution, unlawful imprisonment, and the disregard for plaintiff's [constitutional] rights. . ." He seeks monetary relief and expungement of his criminal record.

With his complaint, plaintiff requests leave to proceed in forma pauperis. Because it appears he is unable to pay the cost of commencing this action, leave to proceed in forma pauperis is granted.

**I.      STANDARD OF REVIEW**

Section 1915(e)(2) of Title 28 of the United States Code provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss

1

the case at any time if the court determines that . . . (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**II.    DISCUSSION**

    **A.    Prosecutorial Immunity**

The doctrine of absolute immunity shields prosecutors from liability for actions related to their official duties. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 417-19 (1976). Prosecutors are absolutely immune from liability for money damages under § 1983 for acts "within the scope of [their] duties in initiating and pursuing a criminal prosecution." <u>Id.</u> at 410. Because nothing in this complaint suggests that the prosecutors in plaintiff's criminal case acted outside the scope of their prosecutorial duties, plaintiff has not stated a cognizable claim against them.[1]

    **B.    Malicious Prosecution**

Although plaintiff sets forth multiple violations of his constitutional rights, this complaint essentially charges the defendants with malicious prosecution and wrongful imprisonment.

---

1. Although not named in the complaint's caption, plaintiff identifies the following prosecutors in his complaint: Lehigh County District Attorney James B. Martin, Assistant District Attorney Lisa R. Cipoletti, Pennsylvania Attorney General D. Michael Fisher, Assistant United States Attorney Mark Miller, and United States Attorney Patrick Meehan

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnotes omitted).  District courts are directed to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id.  Thus, unless the plaintiff can demonstrate that his conviction or sentence has been invalidated, the malicious prosecution and wrongful imprisonment claims must be dismissed.

Here, plaintiff's claim that he was maliciously prosecuted and wrongly imprisoned, if proven, would "necessarily imply the invalidity of his conviction or sentence." Id.  However, since plaintiff has not demonstrated that his conviction or sentence has been invalidated, his claim for damages arising from his criminal prosecution must be dismissed without prejudice.  See Shelton v. Macey, 883 F. Supp. 1047, 1050 (E.D. Pa. 1995) (determining that Heck mandates dismissal of plaintiff's claim without prejudice if and when his state court conviction is legally invalidated.)

    **C.    Claim against the United States of America and the Department of Justice**

Sovereign Immunity bars lawsuits against the United States and its agencies unless Congress has specifically waived

that immunity.  United States v. Mitchell, 445 U.S. 535 (1980); United States v. Testan, 424 U.S. 392 (1976).  There is no waiver of immunity from claims for monetary relief applicable to this case.  Jaffee v. United States, 592 F.2d 712, 718 (3d Cir.), cert. denied, 441 U.S. 961 (1979).  Thus, plaintiff's claims against the United States and the Justice Department are not cognizable.

### D. Expungement of Criminal Record

It is apparent from plaintiff's request that his criminal record be expunged that he is seeking the invalidation of his criminal conviction and sentence through this civil rights action.  However, because a finding in plaintiff's favor on this issue would invalidate his conviction and sentence, a habeas corpus action filed after plaintiff has exhausted available state remedies, rather than a civil rights action, is the appropriate vehicle for plaintiff's request.  Heck v. Humphrey, supra at 481-82; see also Preiser v. Rodriguez, 411 U.S. 475 (1973). Accordingly, plaintiff's request that his criminal record be expunged is not a form of relief available in this action.

### III.    CONCLUSION

Section 1915(e)(2) of Title 28 of the United States Code authorizes the Court to dismiss "at any time" a civil action brought by a prisoner in forma pauperis.  Because plaintiff has failed to advance any cognizable violation of his constitutional rights, this case will be dismissed as legally frivolous at this

time, with leave to amend his complaint if and when his state court conviction is legally invalidated.

      An appropriate order follows.

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**KESTER SANDY**            :        **CIVIL ACTION**
                            :
    **v.**    :
                            :
**LEHIGH CO. DISTRICT ATTORNEY,** :
**et al.**                  :        **NO. 08-0319**

## O R D E R

AND NOW, this      day of April, 2008, in accordance with the accompanying memorandum, IT IS ORDERED that:

    1.  Leave to proceed in forma pauperis is GRANTED pursuant to 28 U.S.C. § 1915(b);

    2.  The complaint is DISMISSED as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2), with leave to amend as set forth in the accompanying memorandum; and

    3.  The Clerk of Court is directed to CLOSE this case statistically.

                                        **BY THE COURT:**


                                        **/S/ CYNTHIA M. RUFE, J.**

Case 2:08-cv-00319-CMR   Document 6   Filed 04/01/08   Page 7 of 7